IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-38-BO

| | |
|---|---|
| CLINTON CAVER, III, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

This matter is before the Court on petitioner's motion to reduce sentence, filed in letter form. [DE 63]. For the reasons stated below, petitioner's motion is construed as a second or successive motion to vacate pursuant to 28 U.S.C. § 2255 and is dismissed.

On October 28, 2002, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This Court sentenced him to 190 months' imprisonment on March 20, 2003. Petitioner filed a direct appeal, and the Fourth Circuit affirmed this Court's conviction and sentence on April 7, 2004. On April 26, 2006, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 which was denied on the merits by order filed August 21, 2006. Petitioner's appeal of that order to the Fourth Circuit was dismissed.

In the instant motion, petitioner seeks a reduction in his sentence based on the application of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Because the motion seeks the same relief which would be granted on a successful motion pursuant to 28 U.S.C. § 2255, the Court re-characterizes the instant motion as such. *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or

proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged, it is properly construed as a second or successive § 2255 petition and this Court is without jurisdiction to consider it in the absence of pre-filing certification. Petitioner is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). Accordingly, petitioner's motion [DE 63] is DISMISSED.

SO ORDERED, this __4__ day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE